# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LEE EDWARD WALLS, | |
| Petitioner, | No. C05-2021-LRR |
| vs. | |
| JOHN AULT, | ORDER |
| Respondent. | |

This matter is before the court on the petitioner's notice of appeal (Docket No. 11) and motion for a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure (Docket No. 10). The petitioner filed both pleadings on May 31, 2005. Based on his pleadings, it is clear the petitioner seeks an appeal from the court's May 18, 2005 order dismissing his 28 U.S.C. § 2254 application.

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve

further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard). When a federal habeas application is dismissed on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the application states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

In the instant case, the court dismissed the petitioner's application for a writ of habeas corpus because the respondent filed a properly supported motion to dismiss and the petitioner never filed a resistance. To date, the court has not received a resistance from the petitioner. Moreover, the court finds it difficult to conclude that any resistance submitted by the petitioner would be able to overcome the respondent's reliance on *Duncan v. Walker*, 533 U.S. 167, 172-82, 150 L. Ed. 2d 251, 121 S. Ct. 2120 (2001), which held 28 U.S.C. § 2244(d)(2) does not toll the limitation period during the pendency of a properly filed federal habeas application. Consequently, the petitioner's application for a writ of habeas corpus is time barred. *See* 28 U.S.C. § 2244(d)(1).[1] Based on the record, the court finds a reasonable jurist could not conclude that the district court erred in dismissing the application for a writ of habeas corpus or that the petitioner should be allowed to proceed further. Because there is no debatable question as to the resolution of this case, an appeal

---

[1] The court notes the petitioner had the opportunity to continue with his exhausted claims by voluntarily dismissing his unexhausted claims. *See Walls v. Ault*, C04-2038-LRR (N.D. Iowa 2005). Nevertheless, the petitioner failed to act on that opportunity when he failed to file a resistance to the respondent's motion to dismiss. *Id.* In addition, the court notes the petitioner did not appeal the dismissal of his earlier case. *Id.*

is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his 28 U.S.C. § 2254 application, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

The Clerk of Court shall forward this matter to the Eighth Circuit Court of Appeals for further disposition.

**IT IS THEREFORE ORDERED**:

1) The petitioner's motion for a certificate of appealability is denied.
2) The Clerk of Court is directed to forward this matter to the Eighth Circuit Court of Appeals for further disposition.

**DATED** this 21st day of June, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA